ALEX LAAKE v. THE STATE.

Decided October 18, 1922.

Rehearing denied December 13, 1922.

**1.—Murder—Manslaughter—Evidence—Rebuttal.**

Where, upon trial of murder and a conviction of manslaughter, the State
in rebuttal of defense's testimony proved that two or three days prior to
the killing deceased had received a sereve injury to his 'leg, and was able
to get about only with difficulty, there was no error, as the defense attempted
to show that the deceased was the aggressor.

**2.—Same—Practice in Trial Court—Evidence—Order of Evidence.**

The fact that testimony was admitted for the State before the facts
attending the homicide were developed, upon the promise of the State to
show later the connection and materiality of the testimony, would not be
erroneous where the promise was made good.   Likewise, testimony that the
wife of deceased was in a distant State was admissible to account for her
absence.

**3.—Same—Evidence—Husband and Wife—Cross Examination.**

Where defendant's wife was placed upon the stand by the defendant, and gave testimony that she saw the difficulty, going into detail, but denied hearing anything that was said, there was no error upon cross-examination to ask her when it was that she heard deceased say, "it was time for defendant to go down," or something like that.

**4.—Same—Charge of Court—Requested Charge—Provoking Difficulty.**

Upon trial of murder and a conviction of manslaughter there was no error in submitting a requested charge by the State, submitting the question of provoking the difficulty, and also the requested charge by the defendant on the same subject, under the facts in the instant case.

**5.—Same—Rehearing—Statement in Original Opinion.**

Where the statement in the original opinion, as to the facts in the case, was correct, the criticism of appellant in his motion for rehearing is untenable.

**6.—Same—Requested Charge—Provoking Difficulty.**

Where the facts raised the issue of provoking the difficulty there was no reversible error in submitting a requested charge by the State, upon this phase of the law.

Appeal from the District Court of Williamson. Tried below before the Honorable James R. Hamilton.

Appeal from a conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Taulbee,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Upon trial for the murder of T. D. Griffin appellant was convicted of manslaughter with a penalty of three years in the penitentiary.

There were only two eyewitnesses to the homicide, Baker, who testified for the State, and accused's wife who testified in his behalf. Accused did not take the stand. Deceased had been a witness a few days before the killing in a case against appellant in the Justice Court. Appellant was displeased with the evidence given by deceased, and the homicide was the culmination of a discussion between them over this matter. The State contended that accused provoked the difficulty by insulting language towards and an assault upon deceased with a stick, while the defense attempted to show that deceased was the aggressor throughout the trouble.

As combatting the defense the State, over objection, proved that two or three days prior to the killing deceased had received a severe injury to his leg and was able to get about only with difficulty. This condition was shown with all reasonable certainty to have been known

to appellant, as deceased's condition was apparent on the day of the trial in Justice Court where appellant was present. We can see no error in the admission of this evidence. The fact that it was admitted before the facts attending the homicide were developed, under promise of the State to show later the connection and materiality thereof would not be erroneous where the promise was made good. Likewise, proof by the State that the wife of deceased was in California at the time of the trial was admissible to account for her absence as a witness regarding the physical condition of her husband.

Appellant's wife was placed upon the stand by him and gave evidence that she saw the difficulty, going into all the details, but upon direct examination denied hearing anything that was said. Upon cross-examination State's counsel asked her, "When was it that you heard him (Griffin) say it was time for him (appellant) to go down, or something like that?" Objection was urged that she being appellant's wife and not having been asked about that on direct examination the State should not go into it. She had testified that she did not hear any conversation between them, and we think this question was germane to the examination in chief. It was the contention of the State that when deceased first came to where appellant was he had said to appellant that it was time for him (appellant) to be going down to court. Especially is no error shown where the wife in reply to the question denied having heard such an expression. By no kind of construction could this be distorted into her giving evidence against accused.

After the court had prepared his charge embracing murder, manslaughter and self-defense the State requested and the court gave a charge in substance that if appellant used insulting words towards or made an assault upon deceased for the purpose of provoking a difficulty with him, and that such conduct was calculated to and did so provoke it, and that appellant intended thereby to do so, and thereby brought about the necessity to kill in his own defense, that he could not justify the killing, but could only reduce the grade to manslaughter. At appellant's request, and evidently in connection with the State's special charge, the court instructed the jury that although appellant may have provoked the difficulty by insults or an assault yet if appelland abandoned the difficulty and was retreating his right of self-defense would not be abridged. No objection was made to the State's special charge at the time it was given, and none would seem to be tenable. As we view the evidence it was perhaps more favorable to appellant than he was entitled to from the standpoint of the State. For the first time in the motion for new trial complaint is made of this special charge, and it is urged in the brief that the two charges (the substance of which are given above) were contradictory. We cannot so regard them. One was for the protection of the State, the other to

safeguard appellant's rights, and both appear to be pertinent and called for by the evidence. ₒ

Having found no errors in the record, the judgment must be affirmed.

*Affirmed.*

ON REHEARING

December 13, 1922.

LATTIMORE, JUDGE.—The criticisms of the original opinion set forth in the motion for rehearing consist largely of objections to isolated expressions in said opinion. The statement in the original opinion which is as follows: "This condition was shown with all reasonable certainty to have been known to appellant, as deceased's condition was apparent on the day of the trial in justice court where appellant was present. We can see no error in the admission of this evidence," is criticized. The fact that deceased was badly hurt just prior to this homicide and that he moved about with difficulty, was material in view of the testimony of appellant's wife showing that deceased was advancing upon appellant with an axe at the time he was shot by appellant. It could hardly be claimed that a man who was well and sound and had full command of his physical powers, could be in any great danger from an axe in the hands of a man who was coming toward him dragging the axe on the ground by the handle, if the party so approaching and dragging said axe was so crippled in his leg as to hardly be able to move about. It is difficult for us to conceive how this condition of deceased could fail to be known and observed by appellant. We are unable to perceive any soundness in the objection to a question asked of the wife of appellant while a witness in his behalf, It being admitted that she made no answer to said question further than to deny the fact asked about. Certainly this could not be claimed as having elicited from the wife testimony against her husband of matters not embraced in her examination in chief.

In our original opinion we held that no error was committed by the giving of a special charge asked by the State presenting the law of provoking the difficulty. A review of the facts confirms us in our belief that it was proper for the court to submit said issue. It is shown that after the appellant and deceased had quarreled and appellant had cursed deceased a number of times and they had been urged by a party present to desist, that appellant walked off a little way and as deceased came by him, appellant again cursed deceased and struck him with a stick of stove wood, whereupon deceased seized an axe lying immediately in front of him and started toward appellant, dragging the axe by the handle. Appellant retreated a short distance and drew a pistol and shot and killed deceased. The books are full of cases hold-

ing that conduct such as that of appellant in this case called for the submission of the law of provoking a difficulty.

Finding no error in the original opinion, the motion for rehearing will be overruled.

*Overruled.*